[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] MEMORANDUM OF DECISION RE MOTION FOR SUMMARY JUDGMENT (#145)
This case arises from a car accident that occurred in Virginia. That accident involved a car leased by the defendant, Ford Motor Credit Company (Ford), to Jabie Joshua Akers, a passenger therein, who is now deceased. Akers' estate, now represented by an administrator, namely, Francis J. Ficarra, brought this cause of action against the driver of the vehicle at the time of the accident, Connie Akers, as well as Ford. The plaintiff brought the action against Ford pursuant to Connecticut General Statutes § 14-154a. That provision provides: "Any person renting or leasing to another any motor vehicle owned by him shall be liable for any damage to any person or property caused by the operation of such motor vehicle while so rented or leased, to the same extent as the operator would have been liable if he had also been the owner." Significantly, according to Ford, CT Page 11690 Virginia law does not impose this type of liability on lessors of motor vehicles.
Ford argues that it is entitled to summary judgment in the present case because this court should apply the substantive law of Virginia and determine that Ford cannot be held liable. The plaintiff counters that this court should apply Connecticut law to this action and determine that Ford may be held liable pursuant to General Statutes § 14-154a.
The court agrees with the plaintiff. In O'Connor v. O'Connor,201 Conn. 632, 633, 519 A.2d 13 (1986). the Connecticut Supreme Court considered the issue of whether "an injured person may pursue a cause of action under Connecticut law to recover for allegedly tortious conduct that occurred in a jurisdiction where such a cause of action would not be permitted." The court stated: "This court has traditionally adhered to the doctrine that the substantive rights and obligations arising out of a tort controversy are determined by the law of the place of injury, or lex loci delicti . . . Recently, however, we have recognized that there are circumstances in which strict application of the lex loci delicti rule frustrates the legitimate expectations of the parties and undermines an important policy of this state. In such circumstances we have refused to apply the doctrine." (Citations omitted.) Id., 637
"Section 145 of the Restatement Second provides in subsection (1) that [t]he rights and liabilities of the parties with respect to an issue are determined by the local law of the state which, with respect to that issue, has the most significant relationship to the occurrence and the parties stated in § 6.' Section 6 of the Restatement, in turn, provides: `(1) A court, subject to constitutional restrictions, will follow a statutory directive of its own state on choice of law. (2) When there is no such directive, the factors relevant to the choice of the applicable rule of law include (a) the needs of the interstate and international systems, (b) the relevant policies of the forum, (c) the relevant policies of other interested states and the relative interests of those states in the determination of the particular issue, (d) the protections of justified expectations, (e) the basic policies underlying the particular field of law, (f) certainty, predictability and uniformity of result, and (g) ease in the determination and application of the law to be applied.'" Id., 650-51. CT Page 11691
"Section 145(2) provides: "Contacts to be taken into account in applying the principles of § 6 to determine the law applicable to an issue include: (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred, (c) the domicil, residence, nationality, place of incorporation and place of business of the parties, and (d) the place where the relationship, if any, between the parties is centered. These contacts are to be evaluated according to their relative importance with respect to the particular issue.'" Id., 652.
As a threshold matter, the court will not apply the lex loci delicti doctrine here because the application of that rule would violate an important policy of this state, i.e., assuring that a plaintiff is afforded "the full scope of remedies for tortious conduct that Connecticut law affords." O'Connor v. O'Connor,
supra, 201 Conn. 657. Here, the interest is in affording the plaintiff the remedy provided for in General Statutes §14-154a.
Applying the Restatement approach, the court concludes that Connecticut has the most significant relationship to the occurrence and the parties. Although the injury and the conduct causing it occurred in Virginia; 1 Restatement (Second), supra, § 145(2)(a) and (b); that is an entirely fortuitous happening. See O'Connor v. O'Connor, supra, 201 Conn. 655-56. Although these two factors appear to favor application of Virginia law; see Williams v. State Farm Mutual Automobile Ins.Co., 229 Conn. 359, 372, 641 A.2d 783 (1994) (stating factors (a) and (b) of § 145 of the Restatement (Second), "are the most significant in determining which state's tort law to apply"); the court notes that these contacts are not dispositive. See O'Connorv. O'Connor, supra, 201 Conn. 652 (stating "we need to recall that it is the significance, and not the number, of § 145(2) contacts that determines the outcome of the choice of law inquiry under the Restatement approach"). Indeed, the relevant consideration involves "a searching case-by-case contextual inquiry into the significance of the interests that the law of competing jurisdictions may assert in particular controversies."O'Connor v. O'Connor, supra, 201 Conn. 658.
Here, the plaintiffs and the defendant, Conny Akers, are domiciliaries of Connecticut. See Restatement, supra, § 145 (2)(C). Moreover, the relationship between the plaintiffs and Ford is centered in Connecticut. See Restatement, supra. § CT Page 11692 145(2)(d). This is true for three reasons. First, the lease agreement was entered into in Connecticut. Second, the vehicle was insured in Connecticut. Third, the car was registered in Connecticut to Ford Motor Company at its address, 116 Washington Avenue North Haven, Connecticut. Thus, the court finds that Connecticut law should apply here. It would be unfair, given all of the contacts with Connecticut, not to apply Connecticut law to this case. Indeed, such an application would cut against the policy of this state to provide plaintiffs with the full scope of remedies available in this state. See Restatement, supra, § 6 (2)(b); O'Connor v. O'Connor, supra, 201 Conn. 657. As previously stated, Virginia's interest in this case is based on the mere fact that the accident occurred there. What is more, it does not appear that any policy of Virginia would be harmed by the application of Connecticut law to the present case. There is no indication of a significant relationship between Virginia and any of the parties in this case such that would require the application of Virginia law. Accordingly, the court concludes that Connecticut law is applicable to this case and denies Ford's motion for summary judgment.
Nadeau, J.